IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRYANT KAZUYOSHI IWAI, <br><br> Defendant. | Case No. 15-cr-00723-DKW <br><br> **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Bryant Kazuyoshi Iwai moves either for a reduction in his sentence to time-served or to serve his remaining sentence in home confinement, arguing that the "growing coronavirus pandemic" is an "extraordinary and compelling" circumstance justifying relief pursuant to Section 3582(c)(1)(A)(i) of Title 18. However, because Defendant is currently incarcerated in a federal *medical* facility with *one* recorded case of coronavirus, there is no extraordinary or compelling circumstance here. In addition, even if Defendant's incarceration in a medical facility during a pandemic could be considered extraordinary and compelling, the sentencing factors that the Court must consider with a motion such as the instant one do not support a reduction in sentence. As a result, the motion for compassionate release, Dkt. No. 195, is DENIED, as set forth below.

## RELEVANT PROCEDURAL BACKGROUND

On January 10, 2018, Iwai was sentenced to consecutive sentences of 136 months imprisonment for conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine and 60 months imprisonment for possession of a firearm in furtherance of a drug trafficking crime, resulting in a total sentence of 196 months imprisonment. Dkt. No. 159. In pronouncing sentence, the Court addressed the sentencing factors under Section 3553(a) of Title 18 and observed, among other things, aggravating factors, including the large quantity of actual methamphetamine (or "ice") for which Iwai was responsible, a loaded and operable weapon in Iwai's apartment adjacent to the seized methamphetamine, Iwai acknowledging that he spent all of his earned money on drugs, Iwai having little consistent employment due to his drug use, and Iwai testing positive for the continued use of drugs while on pretrial release for the instant offense, resulting in the revocation of his bail. Dkt. No. 166 at 19:13-23:6.

## LEGAL STANDARD

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if, upon motion of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion of administrative rights related thereto, "extraordinary and compelling

2

reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with the relevant policy statement of the U.S. Sentencing Commission.   18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

The Sentencing Commission has defined "extraordinary and compelling reasons" to include, among other things, a defendant suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover.   U.S.S.G. ¶ 1B1.13, app. note 1(A)(ii).

## DISCUSSION

Defendant's motion for compassionate release fails at the first hurdle because, in light of his place of incarceration, as well as the substantial amount of time that he still has to serve on his sentence, there is no extraordinary or compelling reason for a sentence reduction.[1]   Notably, Iwai is currently incarcerated at the Federal *Medical Center* (FMC) in Rochester, Minnesota.   The government asserts in its opposition brief that this facility "provides amongst the highest level of medical care available at any BOP facility[,]" Dkt. No. 197 at 19, something which Defendant does not

---

[1] The Court assumes, for purposes of this motion, that, under other circumstances not present here, the coronavirus pandemic could constitute an extraordinary and compelling reason for a reduction in sentence.

3

dispute in his reply, *see generally* Dkt. No. 199.   In addition, as Iwai acknowledges, there has been just *one* positive test for coronavirus reported at FMC Rochester and that test concerned a staff member who has since recovered, rather than an inmate, Dkt. No. 195 at 19-20, data which remains unchanged as of the date of this Order, *see* https://www.bop.gov/coronavirus (last visited June 15, 2020).   In this light, the Court fundamentally disagrees with Iwai's assertion that "prison is a particularly dangerous place for him" due to the coronavirus.   Indeed, the federal medical center in Rochester could very well be *less* dangerous for him than being released into the community and is certainly less so than were Defendant to be placed in the general population of a prison.

The Court further finds that an extraordinary and compelling reason for a reduction in sentence does not exist here because of the significant amount of prison time that Iwai still has to serve under his sentence.[2]   As mentioned, Iwai's sentence is for a total period of 196 months imprisonment.   At the time of filing the instant

---

[2] The Court notes that, in his motion, Iwai appears to argue that this Court can find an extraordinary and compelling reason for a reduction in sentence pursuant to the Sentencing Commission's "catch-all" provision that permits finding an extraordinary and compelling reason "other than" the ones specifically delineated in the application note for Section 1B1.13.   *See* Dkt. No. 195 at 7-10.   Even if the Court was willing to assume that the Director of the BOP need not determine the "other" reason as Iwai suggests, *see* U.S.S.G. § 1B1.13 app. note 1(D) ("As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."), the Court finds that the substantial amount of time Iwai still has to serve under his sentence would prevent any finding that some "other" reason constitutes an extraordinary and compelling circumstance.

motion, Iwai asserts that he had served 51 months in custody, which, he further asserts, is the equivalent of 59 months imprisonment due to earned good time credits. Dkt. No. 195 at 4, 26. The government, meanwhile, asserts that Iwai's projected release date is January 22, 2030, Dkt. No. 197 at 2, 20, something which Defendant does not dispute in his reply, *see generally* Dkt. No. 199. Thus, at best, Iwai has served approximately five years of a sentence that still has just less than *ten* years still to run. Put simply, serving at most roughly one-third of a sentence of such significant length, particularly under the circumstances in this case, does not suggest an extraordinary and compelling reason for a sentence reduction.

     Finally, even if an extraordinary and compelling reason could be found in Iwai's current circumstances, the Section 3553(a) sentencing factors do not weigh in favor of a reduced sentence. The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed. 18 U.S.C. § 3553(a). As set forth above, the nature and circumstances of Iwai's offenses weigh in favor of the 196-month sentence. More specifically, Iwai's conviction involved an extreme quantity of actual methamphetamine to which he stipulated in his plea agreement (8.7 kg), plus an additional 2 kg of generic methamphetamine, Dkt. No. 123 at 9, 13-14, Dkt. No. 155 at 9, 11-12, orders of magnitude more than the minimum 50g necessary for

conviction under 21 U.S.C. Sec. 841(b)(1)(A), and which the Court described at the time of sentencing as "one of the largest methamphetamine cases" involving a purely local defendant. *See* Dkt. No. 166 at 19:22-23. The close proximity of a loaded and operable firearm to the methamphetamine located in Iwai's apartment also does not aide Iwai's cause. *See id*. at 20:14-22:5. Iwai's history and characteristics also still weigh in favor of the 196-month sentence. Notably, an individual who had been addicted to drugs for over 25 years, spent all of his earned income on drugs, and had his bail revoked after testing positive for drugs while on pretrial release. *Id*. at 22:6-23:6. Although, in his motion, Iwai asserts, among other things, that he has been a "model inmate with no disciplinary infractions" and an active member of his facility's movie committee, Dkt. No. 195 at 25-26, those matters do little to move the needle when stacked against the facts set forth above. There is also still a *need* for a sentence of 196 months imprisonment, given the offenses Iwai committed. In other words, in light of the amount of drugs at issue here and the presence of a loaded weapon next to said drugs, under no circumstance would a sentence of roughly, at most, 59 months imprisonment, as Iwai proposes, reflect the seriousness of his offenses or provide adequate deterrence to future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). Instead, as the Court found in

January 2018 when sentencing Iwai, and still finds today, the sufficient but not greater than necessary sentence is 196 months imprisonment.

Iwai's motion for compassionate release, Dkt. No. 195, is DENIED.[3]

IT IS SO ORDERED.

DATED: June 15, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

[3] The Court notes that, in its opposition, the government spends much of its brief arguing why Iwai's motion should be considered unexhausted for failing to wait 30 days from seeking relief from the BOP before filing the instant motion. Dkt. No. 197 at 2-14. That notwithstanding, the government then also asks the Court to consider the motion on the merits. *Id*. at 15. In light of more than 30 days having now passed since Iwai allegedly sent a letter to the warden of his facility requesting compassionate release, the apparent failure of the warden to respond to that letter, and the government's request for the motion to be considered on the merits, the Court finds that the motion is ripe for review. As discussed, however, the motion is denied on the merits.