KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

REBECCA PERLMUTTER
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Rebecca.Perlmutter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BRYANT KAZUYOSH IWAI,<br><br>                    Defendant | CR. NO. 15-00723 DKW<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE; CERTIFICATE OF SERVICE |

UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE (ECF NO. 255)

By and through the undersigned attorneys, the United States respectfully submits this response to Iwai's Motion for Compassionate Release, ECF No. 255.

The defendant, 53, filed this motion pursuant to 18 U.S.C. § 3582(c)(1)(A). He is, according to the BOP, scheduled for release from Rochester FMC on 01/22/2030.[1]  He was sentenced on January 9, 2018 to a total of 196 months' imprisonment (*i.e.*, over 16 years).  ECF No. 158.  He was indicted on September 17, 2015, and on March 3, 2016, his pretrial release was revoked after he violated his pretrial conditions.  ECF Nos. 18, 63.  He has sought to reduce his sentence through § 3582 on previous occasions, which were denied by this Court.  *E.g.*, ECF Nos. 208, 216.

Iwai appears to be seeking a sentence reduction to time served under § 3582(c)(1)(A).  As a preliminary matter, Iwai has not exhausted his administrative remedies.  Thus, he cannot seek relief before this Court.

Further, Iwai has not demonstrated any extraordinary and compelling circumstances required to justify the relief he is seeking under § 3582(c)(1)(A).  In his Motion, Iwai claims that the Court should grant him compassionate release because of (1) changes in relevant law such that he is serving a grossly disproportionate sentence (Mot. at 15-20) and (2) improper application of a

---

[1] *See* BOP, https://www.bop.gov/inmateloc.

2

consecutive sentence under 18 U.S.C. § 924(c) (Mot. at 20-23), citing to Sentencing Guidelines Section 1B1.13(b)(6).  Despite Iwai's claims, he does not qualify for compassionate release under the legal rubric set forth in the statute and U.S. Sentencing Guidelines.  Such that even on the merits, this Court should deny his motion.

I.     **BACKGROUND**

On August 5, 2015, Iwai retrieved a subject parcel that was part of a law enforcement drug operation involving a controlled delivery. *Id.* ¶¶ 21-25. Investigators searched Iwai's residence and recovered drugs determined to be methamphetamine and a gun. *Id.* Iwai waived his *Miranda* rights and was interviewed. *Id.* ¶ 27. He admitted to drug trafficking and that the loaded firearm recovered from his residence belonged to him for the purpose of protection. *Id.* ¶¶ 27-29.

On August 30, 2016, Iwai pleaded guilty to two counts: conspiracy to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2). PSR ¶¶ 4-6.  In total, the parties agreed that Iwai was responsible for not less than 8,610.8 grams of actual methamphetamine. *Id.* ¶ 10.

## II.     RELEVANT LAW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Congress provided an exception in 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) provides that a district court may modify a final sentence in certain limited situations.

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), to allow a defendant to request that the trial court reduce his sentence through a motion for compassionate release. Before filing such a motion, however, defendants must exhaust their administrative remedies. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). It is the defendant's burden to show that he has done so, and this requirement is mandatory. *See id.* ("Joining the unanimous consensus of our sister circuits, we hold that §3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked.").

Before granting such a motion, the court must make three findings: (1) a reduced sentence is consistent with applicable policy statements issued by the U.S. Sentencing Commission; (2) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief; and (3) "extraordinary and compelling reasons" warrant a

4

reduction. 18 U.S.C. §3582(c)(1)(A)(i). If any one of these factors is not met, the court may deny relief. *Keller*, 2 F.4th at 1284. Further, a district court need not follow any sort of "sequential step-by-step analysis" in evaluating a compassionate release motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id.*

The defendant bears the burden of establishing the requirements above by a preponderance. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998); *Walton v. Arizona*, 497 U.S. 639, 650 (1990) (holding that a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002). The Ninth Circuit Court of Appeals has explained that reduction in a sentence based on extraordinary and compelling reasons pursuant to Section 3582(c)(1)(A) is a "narrow" remedy and the decision to grant such relief is discretionary with the district court, and relief is not mandatory. *Wright*, 46 F.4th at 944-45.

Congress directed the Sentencing Commission to promulgate general policy statements to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). In 2023, the Sentencing Commission promulgated amendments that render Section 1B1.13's policy statement applicable to defendant-filed motions. 88 Fed. Reg. 28,254, 28,254-

28,281 (May 3, 2023). The amendments became effective on November 1, 2023, and provide guidance for district courts regarding what qualifies as "extraordinary and compelling reasons" for a sentence reduction.

The relevant Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant the reduction," "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13. The policy statement at § 1B1.13 contains defined circumstances under which "extraordinary and compelling reasons exist" to reduce a defendant's sentence, including: (1) "Medical Circumstances of the Defendant"; (2) "Age of the Defendant"; (3) "Family Circumstances of the Defendant"; (4) "Victim of Abuse"; (5) "Other Reasons . . . similar in gravity to" the reasons described in (1)-(4)"; and (6) "Unusually Long Sentence."

In the instant motion, Defendant invokes circumstances related to the length of his sentence pursuant to (b)(6) (hereinafter "ULS Policy Statement") (emphasis added):

> Unusually Long Sentence.—If a defendant received an <u>unusually long sentence</u> and has served at least 10 years of the term of imprisonment, a <u>change in the law</u> (other than an amendment to the Guidelines

6

> Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a <u>gross disparity</u> between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after <u>full consideration of the defendant's individualized circumstances</u>.[2]

88 Fed. Reg. at 28,255; USSG §1B1.13(b)(6) (emphasis added). *See* Mot. at 17. In order to be eligible for compassionate release pursuant to subsection (b)(6), the defendant must demonstrate that: (1) he was sentenced to an unusually long sentence, (2) he has served at least ten years in prison at the time of his motion for compassionate release, and (3) he is subject to a change in sentencing law (other than an amendment to the United States Sentencing Guidelines that has not been made retroactive) that means he is now serving a grossly disparate sentence. The Sentencing Commission did not define what constitutes an "unusually long" sentence nor a "gross disparity" within the meaning of §1B1.13(b)(6).

---

[2] This sub-section is meant to be read in tandem with § 1B1.13(c), which provides as follows:

> Limitation on Changes in Law—Except as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law . . . may be considered for purposes of determining the extent of any such reduction.

7

### III.  ARGUMENT

#### A.  Iwai Has Not Shown He Exhausted His Administrative Remedies.

Iwai argues that he requested compassionate release on June 14, 2025, by submitting a request to the warden at FMC Rochester. Mot. at 15 & Exh. 1.  Then he submitted another compassionate release request on July 7, 2025 on the same grounds. *Id.*  Both requests were denied by the warden within thirty days -- on July 3 and 14, 2025. *Id.*  Iwai claims these acts constitute proper exhaustion.  He is wrong.  Iwai's filing before this Court is on entirely different grounds than his compassionate release request submitted to BOP.  Iwai also did not appeal his request administratively as directed.

Iwai cannot file a motion before this Court on grounds entirely different than those he submitted to the BOP.  *See United States v. Kanohokula*, 572 F. Supp. 3d 895, 900-01 (D. Haw. 2021) (citing cases).  His July 7, 2025, BOP submission email includes the subject line "grounds for CR." *See* Mot. at Exh. 1 (ECF No. 255-1, PageID#2204).[3]  In his email, Iwai requests compassionate release on only two grounds: (1) to take care of his parents who "are of an advanced age in life" and (2) because he "suffer[s] from Type 2 Diabetes" and other medical conditions.  *Id.*  It

---

[3] Iwai's June 14, 2025 email to the BOP warden states only "I would like to make a request for compassionate release." *Id.* at PageID#2199.  He fails to specify any grounds in that request.

8

should be noted, that he acknowledges his medical conditions have "been stabilized with self carry medication for the last six years." *Id.* In his request, he also claims that he has completed various BOP programs and is classified as a "low recidivism inmate." *Id.* The BOP's denials of his requests were on the basis he specified: for example, the denial states that "you do not meet the criteria under 'Debilitated Medical Condition' at this time." *Id.* at PageID#2205.

In the instant Motion, Iwai fails to mention his medical conditions or his parent's advanced age as a basis.[4] Instead, Iwai only makes arguments about the length of his sentence.

Further, Iwai was directed to file an appeal within the BOP if he disagreed with the denial, and he appears not to have taken such action. *Id.* at PageID#2201. The warden responded to Iwai's submissions within thirty days, thus Iwai must follow the BOP administrative procedures before petitioning this Court for compassionate release. He did not do so.

In *Keller*, 2 F.4th at 1282, the Ninth Circuit explained: "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a *mandatory* claim-processing rule that must be enforced when properly invoked." The court stated that the "statutory

---

[4] Even if Iwai filed a compassionate release motion on the grounds he claimed in his BOP submission, he would fail to establish extraordinary or compelling circumstances justifying release or a reduction in sentence.

9

command" of § 3582(c)(1)(A) is clear: "a "court may not modify a term of imprisonment" unless the defendant has fully complied with the exhaustion requirement. *Id.* (citing 18 U.S.C. § 3582(c)). In applying *Keller*, the Ninth Circuit has stated, "a district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust." *United States v. Ransom*, 859 F. App'x 58, 59 (9th Cir. 2021). In other words, Iwai must either have "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf," or the lapse of "30 days" since the "'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." *Keller*, 2 F.4th at 1281 (citing 18 U.S.C. § 3582(c)(1)(A)). *See also United States v. Van Horn*, 2025 WL 1837329 at *2 (July 2, 2025 D.ID.) (finding defendant failed to exhaust when he did not appeal to the BOP regional director or BOP general counsel as required by 28 C.F.R. § 571.63(a)).

Under these circumstances, Iwai cannot be said to have exhausted his administrative remedies on the grounds put before this Court in his Motion.

### B. Iwai Does Not Demonstrate Any "Extraordinary and Compelling Reasons" for a Sentence Reduction.

Even if Iwai's Motion was considered on the merits, it does not present an extraordinary or compelling reason that would warrant a sentence reduction as

10

required by 18 U.S.C. § 3582(c)(1)(A)(i) and USSG § 1B1.13(a)-(b), or further consideration of the factors under 18 U.S.C. § 3553(a). Iwai bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). Iwai cannot establish any of the conditions precedent to show he qualifies for the unusually long sentence provision of USSG § 1B1.13(b)(6). Besides his individualized circumstances, he must show that he received an "unusually long sentence," has served "at least ten years" in prison, and that a change of law produced a "gross disparity" between the sentence he received and the sentence likely to be imposed now. *See* USSG § 1B1.13(b)(6).

 First, it appears that Iwai's term of imprisonment began on March 3, 2016 when his pretrial release was revoked. He was also in custody approximately one week upon his arrest on August 6, 2015, but was released to Mahoney Hale on or about August 13, 2015. ECF Nos. 1, 8. Based on this timing, it appears that Iwai has not yet served ten years in prison, as is required under the Guidelines policy statement.

 Second, Iwai's sentence could not be said to be unusually long because he received a sentence within the calculated Guidelines range for the offenses of conviction (prior to any cooperation). His Guidelines range was 168 to 210

months' imprisonment and a mandatory *consecutive* term of at least five years' imprisonment. PSR ¶ 95 and p.27. Ultimately, Iwai's *total* sentence was only 196 months' imprisonment. ECF No. 158.

Third, Iwai's arguments in his Motion do not qualify as a change in law and cannot therefore demonstrate a gross disparity. Iwai argues that the law has changed with respect to methamphetamine purity analysis and the analysis and application of a consecutive sentence pursuant to § 924(c). Mot. at 18-23. Put simply, the law has not changed regarding the calculation of the Guidelines with respect to the consideration of pure versus generic methamphetamine. A minority of district judges have disagreed with aspects of the methamphetamine Guidelines in sentencing defendants based on policy arguments. However, a policy disagreement is not a change in the law. *See, e.g.*, *United States v. Ponce-Ulloa*, 835 Fed. Appx. 227, 230 (9th Cir. 2020) (unpublished); *United States v. Innie*, 7 F.3d 840, 847 (9th Cir. 1993). In sentencing a defendant, a district court is under no obligation to vary or depart from the Guidelines based on a policy disagreement. *See United States v. Carper*, 659 F.3d 923, 925 (9th Cir. 2011) (citing *United States v. Henderson*, 649 F.3d 955, 964-65 (9th Cir. 2011)). Iwai's Guidelines calculation regarding the methamphetamine drug purity and weight would be the same today as it was when he was originally sentenced.

Furthermore, Iwai's arguments about the improper application of § 924(c) do not qualify as a change in law. Iwai complains that the Court's findings at sentencing were incorrect because Iwai submitted a declaration that the firearm did not belong to Iwai that was signed in 2017, before Iwai was sentenced in January 2018. Mot. at 20 and Exh. 2. In support of his position, Iwai then cites to Ninth Circuit and U.S. Supreme Court cases that all were decided well prior to his sentencing. Mot. at 20-22. On this basis, Iwai does not meet his burden to show that the law has changed since the time he was sentenced. A compassionate release motion does not provide an opportunity to relitigate sentencing arguments that a defendant did not prevail on in the first instance.

For the foregoing reasons, Sullivan's compassionate release motion should be denied.

DATED: September 26, 2025, at Honolulu, Hawaii.

    Respectfully submitted,

    KENNETH M. SORENSON
    Acting United States Attorney
    District of Hawaii

    By /s/ Rebecca Perlmutter
      REBECCA PERLMUTTER
      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on or about the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Via U.S. Mail:

Bryant Kazuyosh Iwai
Reg. No. 07832-122
FMC Rochester
P.O. Box 4000
Rochester, MN 55903
*Pro Se* Defendant

DATED:  September 26, 2025, at Honolulu, Hawaii.

                                           */s/ Rebecca Perlmutter*
                                           Rebecca Perlmutter