IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRYANT IWAI,<br><br>Defendant. | Case No. 15-cr-00723-DKW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

On August 26, 2025, *pro se* Defendant Bryant Iwai filed a motion for compassionate release pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. No. 255. For the reasons set forth below, Iwai's motion is DENIED.

## FACTUAL & PROCEDURAL BACKGROUND

On January 10, 2018, the Court sentenced Iwai to 196 months' imprisonment for methamphetamine distribution and possession of a firearm in furtherance of a drug trafficking crime, followed by 5 years of supervised release. Dkt. No. 159. While Iwai's sentence included a downward departure for substantial assistance to the Government, Dkt. No. 60 at 2, the Court expressed at sentencing that significant aggravating factors were also present, including, but not limited to, the large quantity of methamphetamine in which Iwai transacted, the presence of a loaded and operable

firearm in Iwai's residence that was seized adjacent to those drugs, and Iwai's long history of personal drug use.  Dkt. No. 166 at 19:13–23:6.

On May 5, 2020, Iwai, through counsel, filed his first motion for compassionate release.  Dkt. 195.  Iwai argued in that motion that his medical conditions—obesity, hypertension, and type 2 diabetes—in light of the COVID-19 pandemic presented extraordinary and compelling reasons warranting release.  *Id.*  After full briefing, the Court denied that motion on June 15, 2020.  Dkt. No. 200.

On October 6, 2020, Iwai, again through counsel, filed his second motion for compassionate release, making substantially the same arguments he did in his first compassionate release motion, but adding that COVID-19 infections at his detention facility appeared to be increasing.  Dkt. No. 208.  After review of the parties' full briefing, the Court denied the motion on November 3, 2020, in part because, as relevant here, Iwai had not exhausted his administrative remedies.  Dkt. No. 216.

On August 26, 2025, Iwai, this time appearing *pro se*, filed the present, third motion for compassionate release, asserting that his sentence should be reduced because (1) it is "grossly disproportionate to what would be imposed under current law"; (2) his original sentence was "driven by now-disfavored guideline enhancements" concerning methamphetamine purity; (3) he did not "use" a firearm in furtherance of a drug crime and, therefore, his sentence for possession of a firearm was improperly applied; and (4) his sentence is "unusually harsh" compared with

similar offenders. Dkt. No. 255 at 17–26. Iwai further asserts that he exhausted his administrative remedies. *Id*. at 15. He provides records reflecting that he filed requests for compassionate release with his prison's warden in June and July, 2025, on the grounds that (1) his parents were of advanced age and required his care; and (2) his continuing medical issues, which were "stabilized with self carry [sic] medicine for the last six years." Dkt. No. 255-1 at 2 & 7 (pdf pagination). Further records reflect that the requests were both denied by the warden within 30 days of filing. *Id*. at 3, 8–9.

On September 26, 2025, the Government filed its opposition, arguing that Iwai failed to exhaust his administrative remedies and did not show any extraordinary or compelling reasons for a sentence reduction. Dkt. No. 261. On October 20, 2025, Iwai replied, claiming that he exhausted his remedies because he "submitted a request" to his warden and "more than 30 days elapsed (or a denial issued)," without elaboration. Dkt. No. 262 at 4–5.

## STANDARD OF REVIEW

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Such circumstances must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal

Procedure." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Dillon*, 560 U.S. at 827, 831; *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

Congress carved out one such circumstance in 18 U.S.C. § 3582(c)(1)(A)(i). A court may "modify a term of imprisonment" upon an inmate's motion if:

1. the inmate exhausted "all administrative rights to appeal a failure of the [BOP] to bring a motion" on his behalf or 30 days has lapsed since the relevant warden received a request to do so;

2. the inmate has established that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable [Sentencing Commission] policy statements";

3. the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) and finds the inmate is "not a danger to the safety of any other person or the community," as provided under 18 U.S.C. § 3142(g).

*See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13 (policy statement). The inmate bears the burden of establishing by a preponderance the requirements for a sentence reduction. *See, e.g.*, *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 650 (1990) (a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

## **DISCUSSION**

The Government argues, *inter alia*, that Iwai has failed to show that he exhausted his administrative remedies. Dkt. No. 261. For the reasons that follow, the Court agrees.

As this Court explained to Iwai in its order denying his second compassionate-release motion, Dkt. No. 216, exhaustion under Section 3582(c) is mandatory, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam) (noting that Section 3582(c)(1)(A)'s exhaustion requirement is a "mandatory claim-processing rule that must be enforced when properly invoked."). This Court therefore cannot overlook failure to exhaust. *Id*. at 1281 ("[A] district court may not . . . excuse a defendant's failure to satisfy that requirement over the government's timely objection."); *see also United States v. Ransom*, 859 F. App'x 58, 59 (9th Cir. 2021) ("[In *Keller*,] we made clear that a district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust."); *United States v. Trask*, 859 F. App'x 38, 38–39 (9th Cir. 2021) (rejecting argument that district court could excuse failure to exhaust for equitable reasons).

After an inmate submits a request for compassionate release to the warden of the institution in which he is housed, he may satisfy Section 3582's exhaustion requirement in two ways.

> *First*, if at least 30 days have "lapse[d]" since the inmate submitted his request to the warden and the BOP has failed to respond, then the inmate may file a motion in federal court and the court "may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). This allows the warden a reasonable time to respond to the inmate's request, but it also prevents the warden from denying the inmate relief by simply refusing to respond. *Second*, if the warden denies the request within the 30-day period, the inmate must "fully exhaust[] all administrative rights to appeal." 18 U.S.C. § 3582(c)(1)(A). . . To that end, the inmate must "appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B)." 28 C.F.R. § 571.63(a).

*United States v. Kazanowski*, 2020 WL 3578310, at *4 (D. Haw. July 1, 2020). Requiring exhaustion serves the dual purpose of providing the agency an opportunity to act first in an area in which it has expertise and of promoting judicial efficiency because the agency's decision-making process will either moot the issue or provide a useful record for the Court. *Id.* at *4 n.8 (citation omitted).

Here, the records that Iwai himself provides show that he did not exhaust. Although Iwai petitioned the warden for compassionate release on June 14 and July 7, 2025, Dkt. No. 255-1, Iwai has presented no evidence that he then appealed the warden's timely July 3 and July 19, 2025 denials through the Administrative Remedy Process. Iwai's reply seems to indicate that he believes that mere denial by the warden was enough to exhaust—if so, he is sorely mistaken. *See United States v. Hirano*, 2022 WL 1540230, at *3 (D. Haw. May 16, 2022) (holding that "the language of the statute plainly indicates that, under the circumstances here, the 'administrative right[] to appeal' must be exhausted" (quoting Section

3582(c)(1)(A))). Exhaustion of administrative remedies, given the Warden's timely denial, required Iwai to go through the *entire* administrative process, including the appellate process—he has failed to do so.

Moreover, even if Iwai's petition to the warden *was* enough, he would have still failed to show exhaustion because the grounds for release in Iwai's administrative petitions and those in his current motion are not the same. In Iwai's requests to the warden, he claims that compassionate release is necessary due to his parents' advanced age and care needs and his own health conditions. Dkt. No. 255-1. Neither of these arguments appear in his present compassionate-release motion, which focuses instead on alleged flaws in sentencing. *See* Dkt. No. 255. Thus, at least as far as the record reveals, it appears that the Bureau of Prisons was never given the chance to actually review the grounds for compassionate release Iwai now presents—this alone constitutes a failure to exhaust. *See United States v. Gorion*, 2022 WL 867764, at *3 (D. Haw. Mar. 23, 2022) ("To properly exhaust under § 3582(c)(1)(A), an inmate is required to present the same or similar ground for compassionate release in a request to the [Bureau of Prisons] as in a motion to the court." (internal quotation marks and alterations omitted)); *Keller*, 2 F.4th at 1283 (noting that, among other reasons, defendant failed to exhaust because the grounds for the compassionate release motion were not reflected in the request to the warden).

The Government further argues that Iwai's compassionate-release motion fails on the merits. Dkt. No. 261 at 10–13. Because the Court has determined that Iwai failed to exhaust his administrative remedies, however, the Court "may not reach the merits" of his motion. *Ransom*, 859 F. App'x at 59; *see also United States v. Hirano*, 2022 WL 1540230, at *3 (holding that failure to exhaust leaves the court "unable to evaluate the merits of [the] compassionate release request" and so denying on exhaustion grounds alone). Accordingly, the Court denies Iwai's compassionate release motion on failure-to-exhaust grounds alone.

## CONCLUSION

For the reasons set forth herein, Iwai's motion for compassionate release, Dkt. No. 255, is DENIED.

IT IS SO ORDERED.

DATED: December 19, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*United States of America v. Bryant Iwai*; Cr No. 15-00723 DKW; **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**