IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BRYANT IWAI,<br><br>　　　　　Defendant. | Case No. 15-cr-00723-DKW<br><br>**ORDER DENYING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**[1] |

On December 19, 2025, the Court denied *pro se* Defendant Bryant Iwai's motion for compassionate release pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. No. 263. On December 29, 2025, Iwai appealed the denial of his motion, Dkt. No. 264, and, on January 5, 2026, filed an application to proceed in district court without prepaying fees or costs ("IFP Application"), Dkt. No. 269. Although the IFP Application was filed on a district court form, in light of the procedural posture of this case and Iwai's *pro se* status, the Court liberally construes the IFP Application as seeking leave to proceed without prepayment of fees or costs *on appeal*. *See* Fed.R.App.P. 24(a)(1) (providing that "a party to a district-court

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

action who desires to appeal in forma pauperis must file a motion in the district court.").

Appeals "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A certificate that an appeal is not taken in good faith may be entered if there is some evident improper motive or if no issue is presented which is not plainly frivolous." *Tweedy v. United States*, 276 F.2d 649, 651 (9th Cir. 1960) (citing *Ellis v. United States*, 356 U.S. 674, 675 (1958)).

The Court denies Iwai's IFP Application because his appeal is plainly frivolous. Iwai seeks compassionate release under Section 3582, but any such application first requires a defendant to exhaust his administrative remedies. *See United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam) (noting that Section 3582(c)(1)(A)'s exhaustion requirement is a "mandatory claim-processing rule that must be enforced when properly invoked."). The Court has already explained to Iwai at least twice that exhaustion is mandatory. Dkt. Nos. 216, 263. Despite this, Iwai did not fully exhaust his remedies by petitioning his prison's warden for release on the grounds presented in his present Section 3582 motion, *see* Dkt. No. 255 at 17–26, or appealing a denial of such a petition within the Bureau of Prisons, *see United States v. Hirano*, 2022 WL 1540230, at *3 (D. Haw. May 16, 2022) (holding that "the language of the statute plainly indicates that, under the

circumstances here, the 'administrative right[] to appeal' must be exhausted" (quoting Section 3582(c)(1)(A))).

The absence of exhaustion was made clear to Iwai in the Court's December 19, 2025 Order denying compassionate release.  Dkt. No. 262.  Iwai now moves for IFP status on appeal of this Order but has not offered any arguments as to why the Court's exhaustion ruling was incorrect, nor identified any other grounds for his appeal.  Accordingly, the Court finds that Iwai's appeal is "plainly frivolous." *Tweedy*, 276 F.2d at 651.

For the reasons set forth herein, the Court certifies that Iwai's appeal is not taken in good faith, and his IFP Application, Dkt. No. 269, is DENIED.  The Clerk is directed to send a copy of this Order to Iwai and to the Ninth Circuit Court of Appeals.  *See* Fed.R.App.P. 24(a)(4).

IT IS SO ORDERED.

DATED: January 22, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*United States of America vs. Bryant Iwai*; CR 15-00723 DKW; **ORDER DENYING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**